IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEVIN LEWIS GREGORY,                )
                                    )
                Plaintiff,           )
                                    )
        v.                           )    1:08CV497
                                    )
WILLIAM T. SCHATZMAN,                )
individually and in his official     )
capacity as Sheriff for Forsyth      )
County; FORSYTH COUNTY, NORTH        )
CAROLINA, a Body Politic; MAJOR      )
WAYNE JAMES, in his official         )
capacity as Administrator and        )
Chief Jailer of The Forsyth          )
County Sheriff's Office Law          )
Enforcement Detention Center;        )
HARTFORD INSURANCE COMPANY,          )
Surety for Sheriff Schatzman;        )
and NAPHCARE, INC.,                  )
                                    )
                Defendants.          )

**MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Defendant Naphcare, Inc.'s ("Naphcare") motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and Plaintiff's subsequently-filed motion to dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[1]

The brief underlying facts are as follows. On June 19, 2005, Plaintiff was placed in the custody of the Forsyth County Detention Center ("FCDC"). (Compl. ¶ 1.) Earlier the same day, Plaintiff

---

[1]The collective Defendants also move the Court to stay the proceedings in this case during the pendency of these motions. (Docket No. 20.) In light of the instant recommendation, this motion is denied as moot.

allegedly suffered a spider bite to his right index finger. (Id.) He claims that medical personnel employed by Defendant Naphcare, a contract health care provider for the detention center, dismissed his reports of injury, "perhaps because of his history of mental illness, [and] despite the obvious evidence of a festering wound." (Compl. ¶ 8.) Plaintiff does not disclose the length of his stay at the FCDC, but maintains that he was not adequately treated by Defendant Naphcare during its duration. He was eventually released on bond and taken the same day to the emergency room at Wake Forest University Baptist Medical Center, where a portion of his gangrenous right index finger was amputated.

In his Complaint, Plaintiff asserts medical malpractice and related contract and negligence claims under state law. He also asserts an Eighth Amendment claim that Defendants were deliberately indifferent to his serious medical needs.[2] Defendant Naphcare now moves for judgment on the pleadings based on Plaintiff's alleged failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, which requires plaintiffs to obtain expert witness validation for medical malpractice claims before filing suit. Defendant Naphcare also claims that Plaintiff has failed to allege facts sufficient to satisfy the deliberate indifference standard under the Eighth Amendment. Plaintiff, meanwhile, requests that this Court dismiss his Complaint without prejudice. In doing so,

---

[2]Plaintiff originally filed this action in state court. Defendants removed the case to this Court based on Plaintiff's alleged constitutional injuries.

-2-

he declines to address Defendant Naphcare's assertions on their merits.

## **Discussion**

Defendant Naphcare has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). At this stage in the proceedings, the standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss under Rule 12(b)(6).[3] Thus, dismissal is appropriate when "the pleadings do not disclose 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 & 304 (4th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must construe all allegations in the pleadings in the plaintiff's favor, but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The Court cannot consider evidence outside the pleadings without converting Defendant Naphcare's motion into one for summary judgment under Fed. R. Civ. P. 56 and giving both parties a chance to present further evidence. Fed. R. Civ. P. 12(c).

Here, no party has submitted evidence outside the pleadings, and both parties agree that the Complaint lacked Rule 9(j)

---

[3]Where, as here, an answer has been submitted, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) cannot be filed.

-3-

certification. In his motion to dismiss, Plaintiff simply claims that he intended to comply with the certification requirement but was unable to do so due to problems with his intended medical experts. This argument is inapposite. Rule 9(j) mandates dismissal where there is no statement of certification in the complaint itself when filed. Further, lack of certification is not a defect which can be cured by subsequent amendment. The question, therefore, is not whether Plaintiff's medical negligence claims will be dismissed, but whether the Court will do so by granting Plaintiff's motion for dismissal without prejudice rather than Defendant Naphcare's motion for judgment on the pleadings. For the reasons set out below, the Court declines to grant Plaintiff's motion.

"Rule 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss voluntarily an action without prejudice at any time." Davis v. USX Corp., 819 F.2d 1270, 1272 (4th Cir. 1987). Significantly, the requirement of a court order seeks to protect the interests of defendants and prevent dismissal where they would be unfairly prejudiced. Id. Thus, "[i]n deciding a Rule 41(a) motion, the court should consider several factors, including the opposing party's effort and expense in preparing for trial, whether there is a sufficient explanation for the need of the dismissal, and the present stage of litigation." Virgil v. Montgomery, 353 F.

-4-

Supp. 2d 620, 623 (E.D.N.C. 2005)(citing Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)). In the instant case, Defendant Naphcare argues that:

> allowing the plaintiff to dismiss this action after months of litigation and after the defendant's preparation of a well-supported motion on the pleadings would prejudice the defense by allowing the plaintiff to instigate a futile course of duplicative litigation, all of which Rule 9(j) was enacted to prevent in the first place.

(Docket No. 18, p. 5.) This Court agrees. Moreover, prejudice is especially problematic where, as here, Plaintiff also wholly fails to proffer any legitimate reason for dismissal. Plaintiff's sole argument is that, if he is allowed to refile, his "treating physicians will provide sworn testimony in support of his pleadings." (Docket No. 17, p. 2.) Unfortunately for Plaintiff, such testimony would be futile.

> The courts have held that if (1) the initial complaint does not contain a Rule 9(j) certification; (2) the required certification is not filed prior to the expiration of the statute of limitations and the 120-day extension permitted by Rule 9(j); and (3) the plaintiff takes a voluntary dismissal under Rule 41, then a re-filed complaint--even though containing a Rule 9(j) certification--must be dismissed for failure to state a claim for relief.

Ford v. McCain, ___ N.C. App. ___, 666 S.E.2d 153, 156-157 (2008).[4] In short, Plaintiff's state-law medical negligence claims cannot succeed, even upon refiling. As such, his motion for voluntary dismissal under Rule 41(a)(2) must be denied, and Defendant

---

[4] Because Plaintiff's injury dates to June of 2005, all of the conditions set forth in Ford have been met in the present case.

Naphcare's motion for judgment on the pleadings must be granted in its stead, at least as it pertains to these claims.

Plaintiff's additional state-law claims, breach of contract and negligent hiring and supervision, also merit dismissal under Rule 12(c).[5] All of these claims are derivative of Plaintiff's medical malpractice claim and cannot survive in light of Plaintiff's failure to comply with Rule 9(j). <u>Frazier v. Angel Med. Ctr.</u>, 308 F. Supp. 2d 671, 678 (W.D.N.C. 2004)(Where Plaintiff claims negligent hiring, yet only alleges that he should have received different medical treatment, the claim "sounds in malpractice, not ordinary negligence."); <u>Estate of Williams-Moore v. Alliance One Receivables Management, Inc.</u>, 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004)("Plaintiff may not avoid the Rule 9(j) certification requirement for a medical malpractice claim by merely attempting to recast the medical malpractice claim as one in contract."). This is true even as to the non-moving Defendants, as dismissal is mandated by flaws in the claims themselves and is not tied or limited to Defendant Naphcare alone.

---

[5]Plaintiff's first claim alleges that he was a third-party beneficiary of the medical services contract between Defendants Forsyth County and Naphcare. His second claim for relief alleges negligent hiring and supervision on the part of Defendant Naphcare, while his third claim for relief alleges negligent supervision by Defendants Schatzman, James, and Forsyth County.

The remaining issue is whether Plaintiff's Eighth Amendment claim should also be dismissed.[6] As stated above, under Rule 12(c), the Court must determine whether Plaintiff has disclosed "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Where, as here, Plaintiff alleges a lack of medical care, the facts must demonstrate that Defendant Naphcare was deliberately indifferent to a serious medical need. Mere negligence or malpractice is not enough. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To meet this standard, Plaintiff must make a prima facie showing that his medical treatment was grossly incompetent or inadequate to the extent that it shocks the conscience and seems fundamentally unfair. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Deliberate indifference is manifested by actual intent or reckless disregard of substantial risks of danger. Id. Such indifference is akin to criminal law recklessness--not mere disregard of a great risk, but a conscious disregard constituting a gross deviation from the standard of care. Id. at 105; Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions § 17.01 (2008).

---

[6]Plaintiff's motion to dismiss, while referring to this action as a whole, does not specifically address his Eighth Amendment claim or how refiling could impact it. As such, the Court applies the reasoning set out above in denying Plaintiff's motion to dismiss as to this claim as well and will consider dismissal of the remaining claim solely in relation to Defendant Naphcare's motion.

-7-

In this case, there is no question that Plaintiff adequately plead the existence of a serious medical need. The Complaint clearly states that a portion of his finger, which was injured at the time of his admission to the FCDC, became gangrenous and required amputation immediately after his release on bond. Instead, the issue is whether Plaintiff has alleged facts which, if true, would show that Defendant Naphcare subjectively perceived a substantial risk to Plaintiff's health, yet chose to disregard that risk.

Unfortunately, the Complaint contains no non-conclusory, factual evidence relating to Plaintiff's treatment by Naphcare. Plaintiff alleges that he was seen, at some point, by Naphcare employees, but he does not allege the dates of his treatment or what treatment, if any, was received. In fact, it is impossible to discern from the Complaint whether Plaintiff was housed in the FCDC for a day, a month, or a year, since absolutely no dates or other specifics are provided. While Plaintiff has pled that he suffered from an obvious festering wound, the Court simply cannot conclude that Defendant Naphcare's treatment of it was grossly inadequate without first having a cogent description of the treatment itself. For these reasons, Plaintiff's Eighth Amendment claim of deliberate indifference, like his other claims, must be dismissed.

**IT IS THEREFORE RECOMMENDED** that Defendant Naphcare, Inc.'s motion for judgment on the pleadings (docket no. 15) be granted and that Judgment be entered dismissing this action.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to dismiss (docket no. 17) and Defendants' motion to stay (docket no. 20) be denied as moot.

       /s/ Donald P. Dietrich
       **Donald P. Dietrich**
       **United States Magistrate Judge**

September 24, 2009